## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISON

| | |
|---|---|
| JOSE ANTONIO SANTIAGO JR., | **Case No.:**  6:26-cv-00724 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## INTRODUCTION

1.      This is an individual action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

## PARTIES

2.      Plaintiff Jose Antonio Santiago Jr. ("Plaintiff") is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c) and resides in Casselberry, Florida.

3.      Defendant First Advantage Background Services Corp. ("Defendant" or "First Advantage") is a consumer reporting agency that maintains a principal place of business located at 1 Concourse Parkway NE, Suite 200 Atlanta, Georgia 30328. Defendant may be served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

1

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS
### Plaintiff Applies for a Job with FedEx

6.     On or about November 6. 2024, Plaintiff applied for part-time employment with FedEx.

7.     Plaintiff successfully completed an interview.

8.     On or about November 2024, FedEx extended a conditional job offer to Plaintiff.

9.     The job offer was conditioned upon Plaintiff passing a background check.

### Defendant Published an Inaccurate Background Check Report to FedEx

10.     FedEx contracted with Defendant to conduct background checks ("consumer reports"), including criminal background checks, on its prospective employees.

11.     On November 16, 2025, FedEx ordered a consumer report about Plaintiff from Defendant.

2

12. On November 16, 2025, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the consumer report about Plaintiff to FedEx.

13. Within that consumer report, Defendant published inaccurate information about Plaintiff.

14. Specifically, Defendant's consumer report about Plaintiff included three grossly inaccurate and stigmatizing felony convictions from York County, Pennsylvania, summarized as follows:

> (a) Case #: CP-48-CR-00022512024
> DUI/Assault/Terroristic Threats
> 12/05/2024
> (b) Case #: CP67CR00010572021
> Possession of a firearm/Fleeing an officer
> Guilty
> 01/12/2023
> (c) Case #: CP67CR00005682016
> Possession of a firearm/Receiving stolen property
> Guilty
> 09/21/2016

15. The criminal convictions reported by Defendant about Plaintiff to FedEx **do not** belong to Plaintiff.

16. A cursory review of the widely available public court records confirms that the records belong to an unrelated male, Jose Antonio Santiago ("Non-Consumer").

3

17. Had Defendant actually consulted or obtained the widely available public court records regarding the three convictions, it would have seen obvious discrepancies between Non-Consumer and Plaintiff.

18. The discrepancies that should have caused Defendant to realize Plaintiff is not the same person as Non-Consumer include the following:

(a) Plaintiff's legal name is "Jose Antonio Santiago **Jr.**" and the criminal records belong to a "Jose Antonio Santiago," which is clearly indicated in the widely available public records from York County, Pennsylvania; and,

(b) Plaintiff's Social Security number, which was provided to Defendant is entirely different than that of Non-Consumer.

19. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

20. The inaccurate criminal records were reported as belonging to Plaintiff because of Defendant's failure to follow reasonable procedures.

21. Had Defendant followed reasonable procedures, it would have discovered that the inaccurate, stigmatizing criminal convictions belong to another consumer with a different full name and a different Social Security number than Plaintiff.

COMPLAINT
JURY TRIAL DEMANDED

22.   In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

### FedEx Denies Plaintiff's Job Application

23.   On or about November 18, 2024, Plaintiff was notified by FedEx that his employment application was denied as a direct result of the felony convictions reported by Defendant.

24.   On November 18, 2024, Plaintiff obtained a copy of the subject consumer report and was shocked and humiliated upon reviewing and realizing that the serious criminal convictions of another, namely Non-Consumer, were published in the consumer report Defendant sold about Plaintiff to FedEx.

25.   Plaintiff was very panicked, confused, and concerned about the impact of Non-Consumer's serious criminal convictions reported on the subject consumer report.

26.   Specifically, Defendant matched Plaintiff and Non-Consumer.

27.   Defendant then published the criminal records of Non-Consumer onto the consumer report about Plaintiff.

28.   Defendant sold the consumer report about Plaintiff to Plaintiff's prospective employer.

COMPLAINT
JURY TRIAL DEMANDED

29.    The exculpatory public record information was widely available to Defendant prior to publishing Plaintiff's consumer report to FedEx.

30.    Defendant failed to perform even a cursory review of such information.

**Plaintiff Disputed the Misinformation in Defendant's Consumer Report**

31.    Desperate to secure employment with FedEx and riddled with worry over the far-reaching impacts of being confused with a convicted felon, Plaintiff disputed the inaccurate information with Defendant.

32.    On April 5, 2025, Plaintiff disputed the inaccurate information through Defendant's website.

33.    Plaintiff identified himself and provided information to Defendant to support his dispute.

34.    Plaintiff specifically disputed the appearance of the criminal records of Non-Consumer on Plaintiff's consumer report.

35.    Plaintiff specifically stated that the criminal records of Non-Consumer do not belong to Plaintiff.

36.    Plaintiff specifically asked Defendant to investigate and delete Non-Consumer's criminal records from any consumer report about Plaintiff.

**Defendant Failed to Conduct a Reasonable Reinvestigation and Correct the Consumer Report**

37.    Defendant did not initiate an investigation following Plaintiff's April 5, 2025 dispute.

6

COMPLAINT
JURY TRIAL DEMANDED

38.    Frustrated, Plaintiff disputed the information through Defendant's website again on May 20, 2025.

39.    Defendant did not respond to Plaintiff's May 20, 2025 dispute.

40.    Defendant did not initiate an investigation following Plaintiff's May 20, 2025 dispute.

41.    Defendant did not contact Plaintiff in response to Plaintiff's May 20, 2025 dispute.

42.    Defendant did not act in response to Plaintiff's May 20, 2025 dispute.

43.    On or about August 21, 2025, Plaintiff received Defendant's correspondence confirming that it had reinvestigated Plaintiff's dispute and determined that its reporting was accurate and that it would not correct the subject consumer report otherwise.

44.    Defendant failed to issue a corrected consumer report to FedEx.

45.    Despite Plaintiff's dispute, Defendant failed to conduct a reasonable reinvestigation of Plaintiff's April 5th and May 20th, 2025 disputes and failed to delete the disputed information in violation of 15 U.S.C. § 1681i(a)(1)(A).

46.    FedEx did not reinstate its job offer to Plaintiff.

47.    But for Defendant's inaccurate consumer report, Plaintiff's job offer would have proceeded to a hiring action.

7

COMPLAINT
JURY TRIAL DEMANDED

48.     Plaintiff would have been spared the humiliation, embarrassment, and stress imposed upon Plaintiff to correct Defendant's erroneous reporting.

49.     Defendant's false report caused Plaintiff to lose a promising, well-paying job with FedEx.

50.     Defendant's false report caused Plaintiff a loss of income.

51.     Defendant's false report caused Plaintiff to fall behind on his car note.

52.     Defendant's false report caused Plaintiff to forfeit his car to repossession.

53.     Defendant's false report caused Plaintiff's physician to alter his medications.

54.     Due to Defendant's unreasonable procedures and shoddy, if any, dispute reinvestigation, and despite Plaintiff's continued efforts to seek employment, Plaintiff was in and out of employment for approximately one year.

55.     The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

56.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and

8

advancements in the future; the repossession of his car; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; physician-prescribed change in medical treatment; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

### Plaintiff Applies for a Job with FedEx Again

57.   On or about June 2. 2025, Plaintiff again applied for part-time employment with FedEx.

58.   Plaintiff successfully completed an interview.

59.   On or about July 1, 2025, FedEx extended a conditional job offer to Plaintiff.

60.   The job offer was conditioned upon Plaintiff's passing a background check.

### Defendant Published an Inaccurate Background Check Report to FedEx Again

61.   FedEx contracted with Defendant to conduct background checks, including criminal background checks, on its prospective employees.

62.   On or about July 1, 2025, FedEx ordered a consumer report about Plaintiff from Defendant.

9

COMPLAINT
JURY TRIAL DEMANDED

63.    On or about July 1, 2025, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the consumer report about Plaintiff to FedEx.

64.    Within that consumer report, Defendant published inaccurate information about Plaintiff.

65.    Specifically, Defendant's consumer report about Plaintiff included three grossly inaccurate and stigmatizing felony convictions from York County, Pennsylvania, summarized as follows:

    (a)    Case #: CP-48-CR-00022512024
            DUI/Assault/Terroristic Threats
            12/05/2024
    (b)    Case #: CP67CR00010572021
            Possession of a firearm/Fleeing an officer
            Guilty
            01/12/2023
    (c)    Case #: CP67CR00005682016
            Possession of a firearm/Receiving stolen property
            Guilty
            09/21/2016

66.    The criminal convictions reported by Defendant about Plaintiff to FedEx ***do not*** belong to Plaintiff.

67.    A cursory review of the widely available public court records confirms that the records belong to an unrelated male, Jose Antonio Santiago ("Non-Consumer").

COMPLAINT
JURY TRIAL DEMANDED

68.    Had Defendant actually consulted or obtained the widely available public court records regarding the three convictions, it would have seen obvious discrepancies between Non-Consumer and Plaintiff.

69.    The discrepancies that should have caused Defendant to realize Plaintiff is not the same person as Non-Consumer include the following:

(a)    Plaintiff's legal name is "Jose Antonio Santiago **Jr.**" and the criminal records belong to a "Jose Antonio Santiago," which is clearly indicated in the widely available public records from York County, Pennsylvania; and,

(b)    Plaintiff's Social Security number, which was provided to Defendant is entirely different than that of Non-Consumer.

70.    Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

71.    The inaccurate criminal records were reported as belonging to Plaintiff because of Defendant's failure to follow reasonable procedures.

72.    Had Defendant followed reasonable procedures, it would have discovered that the inaccurate, stigmatizing criminal convictions belong to another consumer with a different full name and a different Social Security number than Plaintiff.

11

COMPLAINT
JURY TRIAL DEMANDED

73.     In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

### FedEx Denies Plaintiff's Job Application Again

74.     On or about July 1, 2025, Plaintiff was notified by FedEx that he was being given a conditional offer of employment.

75.     This offer was conditioned on Plaintiff's satisfactory consumer report.

76.     By letter dated July 2, 2025, Plaintiff obtained a copy of the subject consumer report from Defendant and was shocked and humiliated upon reviewing and realizing that the serious criminal convictions of Non-Consumer, were still being published in the consumer report Defendant sold about Plaintiff to FedEx.

77.     By letter dated October 24, 2025, Fedex revoked Plaintiff's conditional offer letter based directly on the consumer report provided to them by Defendant.

78.     Plaintiff was very panicked, confused, and concerned about the impact of Non-Consumer's serious criminal convictions reported on the subject consumer report.

79.     Specifically, Defendant matched Plaintiff and Non-Consumer again.

80.     Defendant then published the criminal records of Non-Consumer onto the consumer report about Plaintiff again.

COMPLAINT
JURY TRIAL DEMANDED

81.    Defendant sold the consumer report about Plaintiff to Plaintiff's prospective employer again.

82.    The exculpatory public record information was widely available to Defendant prior to publishing Plaintiff's consumer report to FedEx.

83.    Defendant failed to perform even a cursory review of such information again.

## COUNT I
## Violations of 15 U.S.C. § 1681e(b)

84.    Plaintiff incorporates by reference Paragraphs 1-83 of this Complaint as if fully stated herein.

85.    Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

86.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

87.    The above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

88.    Defendant violated 15 U.S.C. § 1681e(b) twice by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

13

89.    As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; repossession of his car; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; a physician-prescribed change to his medical treatment; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

90.    Defendant willfully violated 15 U.S.C. § 1681e(b) twice in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

91.    Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
### Violations of 15 U.S.C. § 1681i

92.    Plaintiff incorporates by reference Paragraphs 1-83 of this Complaint as if fully stated herein.

14

COMPLAINT
JURY TRIAL DEMANDED

93.     The FCRA mandates that a CRA conducts an investigation of the accuracy of information "[I]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The Act imposed a 30-day time limit for the completion of such an investigation. *Id*.

94.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

95.     On two occasions in 2025, Plaintiff disputed the inaccurate information with Defendant.

96.     In those disputes, Plaintiff requested that Defendant correct and/or delete the inaccurate information in the consumer report that is patently inaccurate, misleading, and highly damaging to him—namely, the wrongly attributed criminal record.

97.     In response to both of Plaintiff's disputes, Defendant failed to conduct a reinvestigation, or such investigation was so shoddy as to allow patently false, logically inconsistent, and damaging information to remain in the consumer report and refused to correct the consumer report at issue.

COMPLAINT
JURY TRIAL DEMANDED

98.     Defendant violated 15 U.S.C. § 1681i in response to both the April and May disputes by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate; by failing to delete the disputed inaccurate information from the subject consumer report; by failing to follow reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a public source it has reason to know is unreliable.

99.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; the repossession of his car; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; a physician-prescribed change to medical treatment; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

100.    Defendant willfully violated 15 U.S.C. § 1681i twice in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant

16

COMPLAINT
JURY TRIAL DEMANDED

to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

101.    Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: April 2, 2026

/s/ David Pinkhasov
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS
68-29 Main Street
Flushing, NY 11367
T: (718) 701-4605
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff,*
*Jose Antonio Santiago Jr.*

17